UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMI L. W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO. 2:21-CV-0308-TOR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 13, 14). These matters were submitted for consideration without oral argument. The Court has reviewed the administrative record, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED,** and Defendant's Motion for Summary Judgment (EFC No. 14) is **GRANTED**.

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An "error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1115 (citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 14, 2018, Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of May 1, 2018. Tr. 27. The applications were denied initially, Tr. 82-115, and again on reconsideration, Tr. 116-149. Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on November 30, 2020. Tr. 48-81. The ALJ denied Plaintiff's claim on February 10, 2021. Tr. 27-42.

As a threshold matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2023. Tr. 29. At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 1, 2018, the alleged onset date. *Id.* At step two, the ALJ found Plaintiff had the following severe impairments: breast cancer status post bilateral mastectomy, cervical cancer status post hysterectomy,

post mastectomy lymphoma syndrome/lymphedema, mild cognitive disorder, major depressive disorder, anxiety disorder, Asperger syndrome, and post-traumatic stress disorder ("PTSD"). Tr. 29-30. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 30. The ALJ then found Plaintiff had a residual functional capacity to perform light work with the following limitations:

> Specifically, the climbing of ladders, ropes, or scaffolds must be limited to occasionally, while the climbing of ramps and stairs, crouching (bending at the knees), and crawling must be limited to frequently and reaching overhead with the left upper extremity must be limited to occasionally. Within the assigned work area, there must be less than occasional concentrated exposure to pulmonary irritants, such as fumes, odors, dusts, gases, poor ventilation, Further, assigned work must be limited to simple unskilled tasks with an SVP of 1 or 2 and reasoning level of 1 or 2. The assigned tasks must be learned in 30 days or less or by brief demonstration and must have minimal change in the tasks as assigned. Additionally, the assigned tasks must require no more than brief intermittent work related contact with coworkers, supervisors and the public. Finally, there must be minimal change in the tasks as assigned as well as minimal change in the work setting where the tasks are performed.

Tr. 32-33.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 40. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in the significant numbers in the national economy that Plaintiff could perform, such as

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

bench assembler, marker, and electrical assembler. Tr. 41-42. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 1, 2018, the alleged onset date, through February 10, 2021, the date of the ALJ's decision. Tr. 42.

## ISSUE

Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

## DISCUSSION

Plaintiff contends the ALJ failed to properly consider the nature and intensity of Plaintiff's limitations, and failed to offer clear and convincing reasons for rejecting Plaintiff's subjective complaints. ECF No. 13 at 11-20.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom

she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id.* at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 34. However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. *Id.*

### 1. Objective Medical Evidence

Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony was not supported by the objective medical evidence. ECF No. 13 at 15-17.

Objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms

1  alleged is not supported by objective medical evidence. *Id.*

2      Regarding physical impairments, the ALJ found no evidence that Plaintiff's
3  physical conditions are disabling. Tr. 34. Specifically, the ALJ noted that Plaintiff
4  was discharged from physical therapy post double mastectomy and hysterectomy,
5  within follow up appointments showing Plaintiff ambulated normally, incisions
6  were healing well, and Plaintiff had normal strength and tone. *Id.* Plaintiff was
7  diagnosed with lymphedema and lymphoma with swelling and was referred to
8  physical therapy. *Id.* Plaintiff's surgeries were successful in removing the cancer,
9  with no evidence of recurrence and unremarkable physical exams, and the ALJ
10 incorporated lingering limitations into the RFC. Tr. 35. For example, the
11 lymphedema in the non-dominant left arm was considered as the ALJ limited
12 overhead reaching to occasionally on the left and asthma was considered in
13 limiting exposure to pulmonary irritants. *Id.*

14     Regarding mental impairments, the ALJ found Plaintiff has severe mental
15 impairments but the objective medical evidence is not consistent with the degree of
16 limitations alleged. Tr. 35. In June 2018, Plaintiff was tearful and anxious,
17 cognitively intact, but with some suicidal ideation, and in June 2019, was tearful
18 and overwhelmed. *Id.* The ALJ noted Plaintiff noted increased symptoms at some
19 exams as well as normal mood and psychiatric findings at other exams. Tr. 36
20 (citations to the record omitted). In July 2019, Plaintiff had positive findings, was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

tearful, depressed, and anxious, with pressure speech, and started medication for depression and anxiety. *Id.* That same month, Plaintiff was in a psychological consultative examination where she needed significant prompting to offer additional prompting, was mildly anxious on exam, had intense eye contact but was cooperative, was an adequate historian, described her mood was "joyful a lot of the time", had coherent flow of thought, denied suicidal ideation, recent and remote memory intact, demonstrated an appropriate fund of knowledge, but maintained very limited insight and judgment regarding illness and need for help. *Id.* In October 2019, Plaintiff had no acute findings. *Id.* (citation to the record omitted). In December 2019, Plaintiff was undergoing a medication adjustment and presented as tearful and anxious, and reported cold sweats. *Id.* (citation to the record omitted). This same month, Plaintiff presented with extreme symptoms, where after her medication was adjusted and she noted improved symptoms. Tr. 37 (citations to the record omitted). In June 2020, Plaintiff's mental status exam findings were normal as she was alert, oriented, in no distress, pleasant, with normal attention and concentration, and she reported good control of anxiety with medication. *Id.* (citations to the record omitted). In July 2020, Plaintiff reported an increase of anxiety, so her medication regimen was again adjusted. *Id.*

   The ALJ's finding regarding physical impairments is supported by substantial evidence. As to the mental health impairments, the ALJ addressed

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

Plaintiff's mental status exams, and overall concluded Plaintiff's mental health impairments were due to situational stressors and medication management. Tr. 35-37. The Court notes that the record includes substantial evidence of Plaintiff's mental health symptoms, but the Court will not disturb the ALJ's finding. It is the ALJ's role to resolve conflicts in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Even if this were error, any error is harmless because the ALJ considered other factors beyond the objective medical evidence. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

### 2. *Course of Treatment*

Plaintiff challenges the ALJ's finding that Plaintiff's symptom reports were inconsistent with Plaintiff's course of mental health treatment. ECF No. 13 at 17.

A claimant's course of treatment and any other measures taken to relieve symptoms are relevant factor in considering the severity of symptom allegations. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). A claimant's "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can undermine symptoms reports. *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

The ALJ noted Plaintiff was initially reluctant to start medication because she felt it might negatively affect her ability to obtain custody of her daughter. Tr. 35 (citation to the record omitted). The ALJ also noted Plaintiff later regularly attended mental health counseling, and started on medication. *Id.* (citations to the record omitted). Plaintiff's delay in starting medication was explained, and Plaintiff subsequently engaged in a prescribed course of treatment. This finding is not supported by substantial evidence. However, any error is harmless because the ALJ properly considered other factors. *Vertigan*, 260 F.3d at 1050.

### 3. Situational Stressors

Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony was due in part to situational stressors. ECF No. 13 at 17-18.

An ALJ may consider precipitating and aggravating factors in assessing a claimant's reported symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). An ALJ may discount a claimant's symptom testimony if a claimant suffers from limitations as a result of situational stressors that are transient rather than due to medical impairments. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998).

The ALJ found Plaintiff's symptoms were influenced by situational stressors that waxed and waned, including life events and medication changes. Tr. 37. The ALJ noted that Plaintiff's mental health symptoms increased during transient events like fighting cancer now in remission, figuring out living situations, dealing

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

with finances, engaging in a custody battle for her daughter (that Plaintiff won), and caring for her daughter who has her own medical and mental health problems. Tr. 36 (citations to the record omitted). Plaintiff does not challenge these specific life stressors that the ALJ relied upon, just the medication management. ECF No. 13 at 17.

The ALJ's finding that Plaintiff's mental health symptoms were in part related to these transient situational stressors is a reasonable interpretation of the record. This finding is supported by substantial evidence.

### 4. Daily Activities

Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony conflicted with her daily activities. ECF No. 13 at 18-19.

A claimant's daily activities is a relevant factor in assessing a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). An adverse credibility finding is warranted if (1) Plaintiff's activities contradict other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

The ALJ found Plaintiff had sole custody of her daughter, whom she homeschools. Tr. 37. The ALJ also found Plaintiff drives, cooks, and looks for work. *Id.* Specifically, the ALJ noted that Plaintiff prepares meals, does

household chores, pays bills, counts change, does crossword puzzles, researches, attends church, gets together with friends, takes her daughter bowling, visits the library, and walks outside. Tr. 30-31 (citations to the record omitted). The ALJ also detailed Plaintiff engaged in a custody battle over her daughter, for who she won full custody, and applied for disability benefits on behalf of her daughter. Tr. 35-36. (citations to the record omitted). Plaintiff challenges her activities in relation to her homeschooling, stating that the extent of her care it to supervise school and ensure that her daughter takes care of herself. ECF No. 13 at 19. While the homeschool and care may be more limited in context of a sixteen-year old daughter, the ALJ made a rational interpretation of the record that includes numerous other daily activities.

The ALJ's finding that Plaintiff's daily activities conflicted with her reported symptoms is a reasonable interpretation of the record. This finding is supported by substantial evidence.

### 5. Seeking Work

Plaintiff challenges the ALJ's finding that her search for work conflicted with her symptom testimony. ECF No. 13 at 19.

A claimant's search for employment while allegedly disabled is a proper basis in discounting a claimant's testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

In July 2019, Plaintiff reported applying for jobs. Tr. 36. In September 2019, Plaintiff wanted to discuss returning to work and brought papers her human resources department wanted her provider to complete. Tr. 35 (citation to the record omitted).

The ALJ's finding that Plaintiff's job search was inconsistent with her symptoms claims is a reasonable interpretation of the record. This finding is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED September 15, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17